**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 2, 2013

LETTER TO COUNSEL:

> RE: *David Moore v. Commissioner, Social Security Administration*;
> Civil No. SAG-11-3565

Dear Counsel:

On December 12, 2011, the Plaintiff, David Moore, petitioned this Court to review the Social Security Administration's final decision to deny, in part, his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 12, 14). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Mr. Moore filed his claim for benefits on May 15, 2009, alleging disability beginning on January 24, 2008. (Tr. 148-51). His claim was denied initially on July 30, 2009, and on reconsideration on January 12, 2010. (Tr. 93-96, 100-01). A hearing was held on April 19, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 35-58). Following the hearing, on April 29, 2011, the ALJ determined that Mr. Moore was disabled from the alleged onset date through October 20, 2009, but experienced medical improvement and was not disabled after that date. (Tr. 16-34). The Appeals Council denied Mr. Moore's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Moore suffered from the severe impairments of degenerative disc disease, status post left leg fracture, and obesity. (Tr. 23). Despite these impairments, the ALJ determined that Mr. Moore retained the residual functional capacity ("RFC"), after October 20, 2009, to:

> [P]erform less than a full range of sedentary work as defined in 20 CFR 404.1567(a). He can do work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing (except never requires the use of ladders, ropes and scaffolds) and that has a sit/stand option that allows him to sit or stand alternately, at will. He has to use a cane for walking. He must avoid environments with excessive vibrations.

(Tr. 27). After considering the testimony of a vocational expert ("VE"), the ALJ determined that, after October 20, 2009, Mr. Moore could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during that time frame. (Tr. 30).

Mr. Moore presents a series of arguments on appeal. Most of his arguments address the finding that he experienced medical improvement on October 20, 2009. I concur that the ALJ has not provided sufficient explanation for his finding that medical improvement occurred on that particular date. Remand is therefore warranted for the ALJ to fulfill his duty of explanation. In so holding, I do not indicate any opinion on whether the ALJ's ultimate determination that Mr. Moore experienced medical improvement is correct or incorrect.

Mr. Moore underwent lumbar fusion surgery on June 4, 2009. (Tr. 416-19). He was treated both before and after the surgery by Dr. Olenczak. (Tr. 237-392, 395-402, 533-44, 567-625, 635-65). During several medical appointments after the surgery, Mr. Moore was found to have normal muscle strength and negative straight leg raising test results. (Tr. 619 (July 28, 2009 appointment), 622 (Aug. 25, 2009 appointment)). On October 20, 2009, the date the ALJ found medical improvement, Dr. Olenczak diagnosed "failed back syndrome" and said, "At this time patient is unable to work performing sedentary or regular work. I have recommended a spinal cord stimulator trial for this gentleman. Would anticipate that if he has a successful trial & implant that he would be able to perform sedentary work." (Tr. 610, 662). After the required evaluations and other paperwork, Mr. Moore eventually had a trial of the spinal cord stimulator in January, 2010, which provided excellent pain coverage. (Tr. 652-53). On March 30, 2010, Mr. Moore received a peripheral stimulator. (Tr. 649). Despite the results of the trial and Dr. Olenczak's recommendation, Mr. Moore opted against permanent implantation of a spinal cord stimulator, and continued to experience back pain. (Tr. 647, 643).

The ALJ based his finding of medical improvement on October 20, 2009, on several factors. First, the ALJ made the unsupported decision that three months was sufficient recovery time for Mr. Moore's surgery.[1] (Tr. 28). Second, the ALJ cited an MRI that predated the surgery. (Tr. 28) (citing Tr. 429). Third, the ALJ cited an X-ray revealing stable hardware and the normal strength and straight leg raising test results. *Id.* (citing Tr. 624-25). However, those findings do not address Mr. Moore's limiting factor, which is his persistent back pain. The test results cited by the ALJ do not differ from the same test results during the time period immediately following the surgery, when the ALJ found Mr. Moore to be disabled. *See, e.g.,* (Tr. 619). As a result, the ALJ has not cited to substantial evidence showing a meaningful change in Mr. Moore's condition as of October 20, 2009.

Moreover, the ALJ premised his assignment of "little weight" to Dr. Olenczak's opinion,

---

[1] The exhibit the ALJ cited did not establish that Mr. Moore would be capable of employment in three months. Instead, in that exhibit, Dr. Olenczak stated, "if he does not improve significantly in a three month period of time at that point we may consider other treatment options for his radicular pain component." (Tr. 607).

in part, on the fact that Mr. Moore's pain was controlled with the stimulator. (Tr. 29). The stimulator had not been tested with Mr. Moore as of October 20, 2009. Dr. Olenczak specifically expressed his opinion that the stimulator might eventually be successful in addressing Mr. Moore's pain. (Tr. 662). The subsequent successful trial of the stimulator does not provide a basis for rejecting Dr. Olenczak's conclusion that, on October 20, 2009, Mr. Moore was incapable of sedentary work. On remand, the ALJ should address specifically the issue of the date on which any medical improvement occurred.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 12) nd Defendant's motion for summary judgment (ECF No. 14) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge